STANLEY MOORE *v.* JAMES COWANS & McILVAIN.

**Frauds, Statute of—Undertaking to Answer for Debt of Another.**
 A transaction was held to be within the Statute of Frauds as an undertaking to answer for the debt of another, and unenforceable because not in writing.

APPEAL FROM NICHOLAS CIRCUIT COURT.

February 6, 1873.

OPINION BY JUDGE LINDSAY:

From an analysis of the testimony this court concludes that Moore consented that Alexander McIlvain should remain in the house, and occupy with his stock a portion of the sheds and lot attached to the barn on the premises conveyed by the Cowans and G. W. McIlvain. It is immaterial as to whether Moore was entitled to demand possession of the farm on the 11th of February or not. Neither of the vendors refused to surrender possession when it was demanded, and as Moore consented that Alex McIlvain should remain in the house with him, when he might have ejected him, his vendors can not be compelled to account to him for the trouble and annoyance subsequently resulting from this consent. Alex McIlvain was his guest or tenant, and he must look to him for compensation. The counterclaim set up against the Cowans on this account was properly disallowed. Moore's answer to McIlvaine's cross-petition shows upon its face that he sold the cattle and plank to Aleck and not to G. W. McIlvaine. Aleck undertook to procure his father to credit Moore by three hundred dollars on his note, but Moore does not pretend that the party to whom he was making the sale had any authority to bind his creditor by this agreement or undertaking. The credit was extended to Aleck, and even if G. W. did afterwards notify the tenant and agree to give the credit, it was a promise to answer for the debt of another, and not being in writing was not legally obligatory. The plea of the statute of fraud was necessarily sustained by the circuit court.

The judgment in favor of the Cowans and of McIlvain are both *affirmed*.

*Hargis,* for *appellant.*

*Phister, Kennedy,* for *appellee.*